UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME THOMAS, | |
| Petitioner | CIVIL ACTION NO. 3:24-CV-00630 |
| v. | (MEHALCHICK, J.) |
| SUPERINTENDENT BOOHER, *et al.*, | |
| Petitioners. | |

## MEMORANDUM

This is a habeas corpus action arising under 28 U.S.C. § 2254 was initiated on April 4, 2024 by Petitioner Jerome Thomas ("Thomas"), an inmate currently confined at the State Correctional Institution Benner Township ("SCI-Benner Township"), against Respondents Superintendent Booher, District Attorney of York County, and the Attorney General of the State of Pennsylvania (collectively, "Respondents"). (Doc. 1). In his petition, Thomas challenges his conviction and the December 9, 2020, sentence in the York County Court of Common Pleas, Pennsylvania. (Doc. 1); *see Commonwealth v. Thomas*, Docket No. CP-67-CR-0001454-2019 (York County C.C.P.). Pending before the Court is Respondents' motion to dismiss the petition as untimely. (Doc. 6). For the following reasons, Respondent's motion will be granted. However, the Court will liberally construe his petition as potentially applying to more than one state case and dismiss the petition without prejudice.

I.    BACKGROUND AND PROCEDURAL HISTORY

On December 9, 2020, Thomas was sentenced to a term of imprisonment of one year minus a day to two years minus two days after pleading guilty to simple possession of a controlled substance. (Doc. 6; Doc. 6-1; Doc. 6-3). In the sentencing hearing, the trial court judge stated Thomas was entitled to 672 days credit served and "[h]is credit time for this case would only be

364 days, as that's a year less a day. So the rest of the time can be applied to any state parole violations he will have accrued by this conviction." (Doc. 6-2, at 2). Thomas received 364 days credit for time served according to the sentencing order. (Doc. 6-3). No appeal was taken. (Doc. 6-1).

On March 26, 2021, Thomas filed a petition for special relief to correct erroneous parole order. (Doc. 6; Doc. 6-1; Doc. 6-4.) On April 13, 2021, the trial court entered an order correcting the sentencing order to reflect the February 5, 2020 parole date. (Doc. 6-1; Doc. 6-5). No appeal was taken. (Doc. 6-1).

On July 20, 2022, Thomas was sentenced to a term of imprisonment of sixty months to one hundred twenty months after he pled guilty to seven drug related offenses. *Commonwealth v. Thomas*, Docket No. CP-67-CR-0005255-2021 (York County C.C.P.).

Thomas filed the instant petition on April 11, 2024. (Doc. 1). In the petition, Thomas states that the petition is not filed under the post-conviction relief act, but a challenge to the time credit awarded to his judgment of sentence. (Doc. 1-2). He alleges that the time credit in excess of the amount applied towards the underlying criminal conviction should be credited towards his sentence in CP-67-CR-0005255-2021. (Doc. 1-2, at 6).

On July 9, 2024, the Court entered an order directing Respondents to file an answer to the petition. (Doc. 5). Respondents filed a motion to dismiss the petition as untimely on July 30, 2024. (Doc. 6). Respondents did not file a brief in support of their motion as required under Local Rule 7.5. Thomas filed a response to the motion to dismiss on September 20, 2024. (Doc. 13). Because Respondents did not support their motion, the Court ordered Respondents to file a reply brief and granted Thomas leave to file a sur-reply. (Doc. 14). On November 1, 2024, Respondents filed their reply, and on November 19, 2024, Thomas filed his sur-reply. (Doc. 15; Doc. 19).

2

On November 4, 2024, the Court sent Thomas an order instructing him of the limitations of filing successive Section 2254 petitions pursuant to *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir. 2000). (Doc. 18). Petitioner did not timely return the Notice of Election form. Therefore, the court will proceed and address the petition and pending motion to dismiss.

## II.    DISCUSSION

Essentially, Thomas is requesting that the time not credited towards his sentence in CP-67-CR-0001454-2019 be applied towards his sentence in CP-67-CR-0005255-2021. He filed his petition as a challenge to his conviction in CP-67-CR-0001454-2019. (Doc. 1). Based on this, Respondents assert that the petition is untimely under the Prison Litigation Reform Act ("PLRA"). (Doc. 6; Doc. 15). In their reply, Respondents assert that the facts surrounding case CP-67-CR-5255-2021 is not at issue in this petition. (Doc. 15).

Here, the Court disagrees. The Court will not limit Thomas' attempts to have his time served properly credited towards his state convictions. Handwritten pro se filings are to be liberally construed and held to a less stringent standards than formal pleadings by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Therefore, simply because he cited CP-67-CR-0001454-2019 on the first page of the petition does not mean the Court is prevented from considering the petition in its entirety as a challenge against the sentence calculation in CP-67-CR-0005255-2021 as well as CP-67-CR-0001454-2019.

While Respondents assert that the petition is untimely and the issues are defaulted based on the docket of CP-67-CR-0001454-2019, they did not address the issues of timeliness or default under the docket of CP-67-CR-0005255-2021. A cursory review of the docket in CP-67-CR-0005255-2021 demonstrates that Thomas was sentenced on July 20, 2022. No appeal was taken, but a Post-Conviction Relief Act ("PCRA") petition was filed. The PCRA petition is still pending

before the Superior Court of Pennsylvania. *See Commonwealth v. Thomas*, No. 1323 MDA 2023 (Pa. Super. Ct.).

    A.  <u>CP-67-CR-0001454-2019</u>

    This petition is untimely if considered a challenge to the sentence in CP-67-CR-0001454-2019. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

    Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Thomas, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *See* 42 Pa. C.S.A. § 9545(b)(3).

Here, Thomas' original sentence was entered on December 9, 2020 and a corrected sentence was entered on April 13, 2021. Under either date, the April 11, 2024 petition is untimely. Based on the December 9, 2020 and lack of appeal, Thomas' sentence became final on January 8, 2021. Pa. R. Crim. P. 720(A)(3)). Therefore, the Thomas' deadline for filing a PCRA petition and a petition pursuant to Section 2254 began to run. Thomas did not file a PCRA petition. Therefore, there was no statutory tolling of the deadline. *See* 28 U.S.C. § 2244(d)(2). The deadline for filing a Section 2254 petition expired on January 8, 2022. The April 11, 2024 petition is well outside the statute of limitations on a Section 2254 action.

Turning to the unappealed April 13, 2021 corrected sentence, the sentence became final on May 13, 2021. Pa. R. Crim. P. 720(A)(3)). Therefore, the deadline for filing a PCRA petition and a Section 2254 petition expired on May 13, 2022. The April 11, 2024 petition is still well outside the statute of limitations for filing a Section 2254 action. Therefore, the instant petition is untimely using either sentencing date if viewed as a challenge to the sentence in CP-67-CR-0001454-2019.

B. CP-67-CR-0005255-2021

While Respondents failed to brief this action as a challenge to the sentence in CP-67-CR-0005255-2021, the court will consider the petition as such.

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d

221, 227 (3d Cir. 2017). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id.* at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). In Pennsylvania, the exhaustion requirement is satisfied if a federal claim is "fairly presented" to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

6

As is apparent from the Superior Court of Pennsylvania's docket in 1323 MDA 2023, Thomas has a pending PCRA appeal. Given the pendency of this PCRA proceeding and the Court's lack of knowledge of the issues raised in the pending proceeding, the Court concludes that it is appropriate to dismiss the petition at this time without prejudice to Thomas timely filing a petition following the exhaustion of the issues at the state level.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Thomas has not made a showing substantial enough to warrant the issuance of a certificate of appealability. Reasonable jurists could not disagree with the Court's resolution of Thomas' claims. Thus, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons addressed above, the Court will dismiss the petition without prejudice. An appropriate order follows.

**Dated: December 20, 2024**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

7